UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

       Plaintiff,                    Criminal No:  19-20733

v.                                     Hon. Gershwin A. Drain

TORY ANDERSON,

       Defendant.
_____/

## GOVERNMENT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EXCULPATORY HEARSAY

The government moved to preclude the defendant from introducing or eliciting his own exculpatory hearsay statements. The defendant, in his response, did not dispute that his exculpatory statements, when offered for the truth of the matter asserted, constitutes inadmissible hearsay. Nor did he dispute that the "Rule of Completeness" codified in Federal Rule of Evidence 106 does not make otherwise inadmissible hearsay, admissible.

Instead, defendant responds by claiming that he intends to elicit his prior assertions of innocence for non-hearsay purposes. Anderson

1

first argues that his earlier exculpatory statements are relevant to show that his later statements are "less reliable and involuntarily made." (ECF No. 40, at PageID.277). Defendant's attempt to introduce hearsay by proffering an illogical and unsupported non-hearsay purpose fails.

First, the statements the defendant seeks to elicit consist of self-serving assertions that he is not a pimp and that he is not prostituting MV-1. During his interview, the defendant never wavered from these claims. He did not later confess that he was MV-1's pimp. Thus, there is no later statement that contradicts his earlier professions of innocence that would render it non-hearsay for the purpose defendant stated: to show that his other statements are less reliable and involuntary.

Also, there is no logical connection to his earlier self-serving exculpatory statements and the inculpatory statements the government intends to introduce. Specifically, the statements the government intends to introduce relate to the defendant's knowledge of MV-1's age as well as statements that establish his connection to MV-1 and the hotel room where the undercover agent was summoned for a "date." From the beginning of the interview, the defendant confessed that he found a few weeks prior that MV-1 was 17 years old, thus admitting to

2

one of the elements of sex trafficking of a minor. He repeated this admission two more times during the interview. There simply is no relevance to his self-serving claims that he is not a pimp and his statements that he knew that MV-1 was 17 that would somehow transform the nature of his hearsay statements. Instead, Anderson wants to introduce his self-serving hearsay statement through a backdoor to demonstrate that those statements are more reliable than any of his non-hearsay inculpatory statements. He hopes the jury therefore will rely on his professions of innocence, effectively "testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel,* 598 F.3d 540, 545 (6th Cir. 2005); *see also Williamson v. United States*, 512 U.S. 594, 599 (1994) (finding "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts"). A hearsay statement does not magically transform into non-hearsay because the defendant characterizes it as such. For the purpose described by Anderson, he intends to elicit his exculpatory statements for the truth of the matter asserted and that is prohibited.

Anderson also argues that his prior exculpatory statements are relevant to show whether agents took investigative steps in response to his claims of innocence. (ECF No. 40, PageID.277). But his reasoning necessarily assumes "the truth of the matter asserted"—that defendant is in fact not a pimp and therefore agents should have acted accordingly—and therefore, constitutes hearsay under Federal Rule of Evidence 801(c)(2) and is inadmissible under Rule 802. "When deciding whether a statement is hearsay, relevance controls. If the statement has relevance regardless of the truth of the statement, the statement is not hearsay. However, if the statement enjoys relevance only if true, the statement is hearsay." *United States v. White*, 87 Fed. App'x 566, 569 (6th Cir. 2004). The fact that the defendant denied being a pimp is only relevant if it is true and therefore constitutes inadmissible hearsay.

Statements made to officers could be admissible as non-hearsay if necessary to explain an officer's actions, *see, e.g. United States v. Gibbs*, 506 F.3d 479, 486 (6th Cir. 2007) ("'In some circumstances, out of court statements offered for the limited purpose of explaining why a government investigation was undertaken have been determined not to be hearsay.'"). In this case, the defendant is not seeking to introduce his

4

exculpatory statements for this reason and his self-serving statements are not necessary to provide the jury with "a coherent narrative of the investigation." *United States v.* Nelson, 725 F.3d 615, 621 (6th Cir. 2013). The defendant seeks to introduce his exculpatory statements in order to suggest what the agents should have done, which again, relies on the truth of those statements. The defendant can certainly attack the propriety of the investigation through his cross-examination of the agents and what steps they took or failed to take without eliciting unnecessary hearsay. Also, to the extent that the defendant argues that he intends to introduce his own statement to show the effect on the agents, that proffered purpose also is a transparent attempt to introduce hearsay through a backdoor since the agents' state of mind is not relevant.

## *Conclusion*

The government requests that the Court issue an order prohibiting defendant from introducing any evidence, making any statement, or asking any questions that include or could be reasonably expected to elicit the defendant's exculpatory hearsay during his post-arrest interview or elsewhere.

    Respectfully submitted,

    SAIMA S. MOHSIN
    Acting United States Attorney

    s/ *Frances Lee Carlson*
    Frances Lee Carlson
    Erin Ramamurthy
    Assistant U.S. Attorneys
    United States Attorney's Office
    211 West Fort Street, Suite 2001
    Detroit, Michigan 48226-3211
    (313) 226-9696
    frances.carlson@usdoj.gov

Dated: August 23, 2021

## **CERTIFICATE OF SERVICE**

I certify that on August 23, 2021, I electronically filed this motion for the United States with the Clerk of the United States District Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record.

                                            s/ *Frances Lee Carlson*
                                            Frances Lee Carlson
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            211 West Fort Street, Suite 2001
                                            Detroit, Michigan 48226-3211
                                            (313) 226-9696
                                            frances.carlson@usdoj.gov