UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CRIMINAL NO. 19-20733

v.                                HON. GERSHWIN DRAIN

TORY ANDERSON,

        Defendant.

_____/

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF TEXT EVIDENCE AND WITNESS STATEMENTS WITHOUT WITNESS TESTIMONY (ECF NO. 41)**

Defendant Tory Anderson is charged with sex trafficking of a minor, specifically 17-year-old MV-1. The defendant moves the Court to preclude the admission of text messages exchanged by the defendant and MV-1 at his upcoming trial on the basis that the messages cannot be authenticated without the testimony and/or statements of MV-1. But the messages are self-authenticating, and the Court need not determine that the messages are admissible at this point to allow their introduction at trial. And moreover, the government does not need to introduce the testimony or statements of MV-1 to ultimately admit the

2

messages into evidence. The Court should deny the defendant's motion in limine.

## ARGUMENT

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FRE 910(a). "This burden [under Rule 901] is slight." *United States v. Demjanjuk*, No. 1:99CV1193, 2002 WL 544622, at *21 (N.D. Ohio Feb. 21, 2002), *supplemented*, No. 1:99CV1193, 2002 WL 544623 (N.D. Ohio Feb. 21, 2002), and *aff'd*, 367 F.3d 623 (6th Cir. 2004). "[T]here need only be a *prima facie* showing, to the court, of authenticity, not a full argument on admissibility." *Id.* at *22; *see also United States v. Fluker,* 698 F.3d 988, 999 (7th Cir. 2012) ("Only a prima facie showing of genuineness is required; the task of deciding the evidence's true authenticity and probative value is left to the jury.").

The government purports that the text messages at issue were recovered from cell phones found on the defendant's person, in his car, and/or from the hotel room where MV-1 was recovered by law enforcement. The messages were extracted from these devices using the

3

forensic software Cellebrite, which generates an extraction report containing the messages, images, and other data contained on the original devices. To deny the defendant's motion, the Court need only decide that the Cellebrite reports and the data that they contain are authentic (*i.e.*, that they are what the government purports them to be). And because the messages are self-authenticating, the government easily meets its burden.

## I.     The messages are self-authenticating

Federal Rule of Evidence 902 addresses "evidence that is self-authenticating." FRE 902. "No extrinsic evidence of authenticity" is required for this evidence "to be admitted." *Id.* Courts in the Sixth Circuit regularly admit self-authenticating evidence pursuant to Rule 902 without any witness testimony, including text messages extracted from the defendant's phone. *See, e.g., United States v. Dunnican*, 961 F.3d 859, 872 (6th Cir. 2020) (concluding that the district court did not err in admitting text messages extracted from the defendant's cell phone where the government followed all of the authentication procedures outlined in FREs 902(11) and 902(14)); *Gjokaj v. United States Steel Corp.,* 700 F. App'x 494, 502 (6th Cir. 2017) (finding "a

4

business record certified by a qualified witness" to be "self-authenticating" under FRE 902(11)); *Savage v. Fed. Express Corp.,* 856 F.3d 440, 451, n.2 (6th Cir. 2017), *reh'g denied* (July 26, 2017) ("a document is deemed self-authenticated under Federal Rule of Evidence 902(7) when it is presented on company letterhead.").

Under Federal Rule of Evidence 902(14), "[d]ata copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person . . . " constitutes self-authenticating evidence. FRE 902(14). "A proponent establishing authenticity under this Rule must present a certification containing information that would be sufficient to establish authenticity were that information provided by a witness at trial." *Id.,* Advisory Committee's Note (2017). As required by Federal Rules of Evidence 902(11) and 902(14), the government previously filed notice of its intent to admit records from one or more cellular phones that were imaged, and from which data was extracted, by law enforcement agents from the Romulus Police Department and the United States Secret Service. (ECF No. 39, PageID.214). And the government provided both the defense and the Court with the appropriate certifications of

5

authenticity prepared by the law enforcement agents who prepared and produced the extraction reports. (ECF No. 39-4, Certificate of Authenticity by Andrew Kull; 39-5, Certificate of Authenticity by Andrew Carriger). Nothing more is required to establish the authenticity of these records.

### II. The admission of the text messages at trial does not violate the Confrontation Clause

In challenging the authenticity of the text messages exchanged between the defendant and MV-1, the defendant argues that without the testimony and/or statements of MV-1, the government will not be able to provide the appropriate foundation needed to admit these messages into evidence. First, whether these text messages will be admitted at trial is separate from the authenticity issue addressed above. And second, the fact these messages were exchanged by the defendant and MV-1 can be established at trial without the testimony and/or statements of MV-1. So the Confrontation Clause issue that the defendant raises is nonexistent.

The government will use a variety of evidence to establish that the messages recovered via the Cellebrite extraction software were, in fact, exchanged by the defendant and MV-1. This evidence includes, but is

6

not limited to: (1) the physical location of the cell phones when they were recovered—i.e., from the defendant's person, inside a cup holder of a car that the defendant rented and was driving when he encountered law enforcement, and inside the hotel room where MV-1 was recovered; (2) the contents of the cell phones themselves, including text messages, e-mails, images, and other data; (3) the testimony of witnesses (other than MV-1) familiar with common abbreviations and terminology used by sex traffickers and their victims; and (4) any other records corroborating the fact that the defendant and MV-1 used the cell phones and associated phone numbers reflected in the Cellebrite reports, such as employment and medical records. Introducing these text messages at trial raises no Confrontation Clause issues, because MV-1's testimony and/or statements are not necessary to admit them into evidence.

## CONCLUSION

The defendant's motion to preclude the admission of text message evidence should be denied.

                         Respectfully submitted,

                         SAIMA S. MOHSIN
                         Acting United States Attorney

                         */s/ Erin Ramamurthy*
                         Erin Ramamurthy
                         Frances Lee Carlson
                         Assistant United States Attorneys
                         United States Attorney's Office
                         Eastern District of Michigan
                         211 W. Fort Street, Suite 2001
                         Detroit, MI 48226
                         (313) 226-9788
                         erin.ramamurthy@usdoj.gov

Date: August 30, 2021

**Certificate of Service**

I hereby certify that on August 30, 2021, I electronically filed the foregoing document with the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record via electronic mail.

                                          s/ *Erin Ramamurthy*
                                          Erin Ramamurthy
                                          Assistant United States Attorney