UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

TORY ANDERSON,

    Defendant.
_____/

Case No. 19-cr-20733

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 412 TO PROTECT VICTIM IDENTITY [#35], GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENTS RELATING TO CONSEQUENCES OF CONVICTION OR JURY NULLIFICATION [#38], GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE DEFENDANT FROM INTRODUCING EXCULPATORY HEARSAY [#37] AND DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE ADMISSION OF TEXT EVIDENCE AND WITNESS STATEMENTS WITHOUT WITNESS TESTIMONY [#41]</u>**

**I. INTRODUCTION**

On October 31, 2019, the grand jury returned an Indictment against Defendant Tory Anderson charging him with one count of sex trafficking children contrary to 18 U.S.C. § 1591(a)(1). ECF No. 11. Trial is scheduled to commence on September 28, 2021. Presently before the Court are the Government's three Motions *in Limine*, filed on August 4, 2021, and August 5, 2021, respectively, to exclude evidence pertaining to the minor victim's identity, to exclude Defendant's

1

exculpatory hearsay, and finally, to preclude arguments advocating for jury nullification or otherwise bearing on the consequences of conviction. ECF Nos. 35, 37, and 38. On August 17, 2021, Defendant responded to the Government's Motion *in Limine* concerning his exculpatory hearsay statements. ECF No. 40. Defendant has not responded to the Government's remaining Motions *in Limine*, and the time for doing so has expired. *See* E.D. Mich. L.Cr.R. 12.1; E.D. Mich. L.R. 7.1(e).

Also, before the Court is the Defendant's August 17, 2021 Motion *in Limine* to Exclude MV-1's Statements and Text Messages. The Government filed a Response in Opposition on August 30, 2021.

The Court held a hearing on these matters on September 24, 2021. Upon review and consideration of the parties' briefs and oral arguments, the Court will grant the Government's Motions *in Limine,* and deny the Defendant's Motion *in Limine*.

## II. Factual Background

The genesis of this action stems from an operation conducted by agents of the Southeast Michigan Trafficking and Exploitation Crimes (SEMTEC) Task Force. ECF No. 1, PageID.1–2. In July and August of 2019, SEMTEC agents encountered human trafficking victims during an undercover operation in Wayne County, Michigan. *Id*. at PageID.2–4. One child victim (Minor Victim 1 or MV-

1) was seventeen years old at the time of the undercover operation. *Id*. Through their investigation, agents were able to connect MV-1 to Defendant, who an agent purportedly recognized from a previous human trafficking investigation. *Id*. at PageID.3.

The SEMTEC investigation culminated in a sting operation to rescue MV-1. *Id*. Amidst the recovery efforts, law enforcement apprehended Defendant who crashed into a parked FBI vehicle in his attempt to flee the scene. ECF No. 1, PageID.4. SEMTEC agents discovered three female persons at the operation site and transported them to the Roseville Police Department for interrogation. *Id*. at PageID.5. While questioning MV-1, she provided officers with her cellphone and password. *Id*. at PageID.6. The phone allegedly contains over seven thousand messages between MV-1 and Defendant. *Id*.

The officers also questioned Defendant following his arrest. ECF No. 37, PageID.202. Defendant made several statements in a videotaped interview, including statements professing his innocence and knowledge of MV-1's age. *See* ECF No. 40, PageID.227; ECF No. 37, PageID.202.

### III. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually

offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of these motions is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion *in limine*, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio, 2004).

A court should exclude evidence on a motion *in limine* only when that evidence is determined to be clearly inadmissible on all potential grounds. *Id*. When a court is unable to determine whether certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context. *Id*. Whether to grant a motion *in limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law School*, 689 F.3d 558, 560 (6th Cir. 2012).

## IV. ANALYSIS

### A. Defendant's Motion *in Limine* to Exclude Text Message Evidence

Defendant moves to exclude text message evidence recovered from the cellular phones seized during the operation. ECF No. 41. First, Defendant claims that the text messages cannot be authenticated. *Id*. at PageID.229. Next, he argues the text messages are inadmissible because MV-1 is not going to provide testimony

4

that will lay a proper foundation for their admission. *Id*. at PageID.231. The Court addresses each argument in turn.

### 1. Authenticity

Of primary concern to Defendant are the messages authenticity. *Id*. Defendant argues that MV-1's testimony is necessary if the Government seeks to present the text messages as conversations between MV-1 and Defendant. *Id*. at PageID.2. The Government argues the text messages are self-authenticating because agents followed proper procedures to verify that fact. ECF No. 43, PageID.243–244. The Court agrees with the Government's argument.

Federal Rule of Evidence 901 prescribes the process for evidentiary authentication. Under Rule 901, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *United States v. Jones*, 107 F.3d 1147, 1150 n.1 (6th Cir. 1997) (quoting Jack B. Weinstein *et al.*, *Weinstein's Evidence Manual*, ¶ 901(a)(1), at 901–19 (5th ed. 1996)) ("The [authentication] rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. The rest is up to the jury.").

However, some items "are self-authenticating." FED. R. EVID. 902. These items "require no extrinsic evidence of authenticity in order to be admitted." FED. R. EVID. 902. Included in this category of self-authenticating evidence is "[d]ata copied from an electronic device, storage medium or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12)." FED. R. EVID. 902(14).

The Advisory Committee notes to Rule 902(14) clarify the purpose behind the amendment to Rule 902 to add this subsection:

> Today, data copied from electronic devices, storage media, and electronic files are ordinarily authenticated by "hash value." A hash value is a number that is often represented as a sequence of characters and is produced by an algorithm based upon the digital contents of a drive, medium, or file. If the hash values for the original and copy are different, then the copy is not identical to the original. If the hash values for the original and copy are the same, it is highly improbable that the original and copy are not identical. Thus, identical hash values for the original and copy reliably attest to the fact that they are exact duplicates. [Rule 902(14)] allows self-authentication by certification of a qualified person that she [*sic*] checked the hash value of the proffered item and that it was identical to the original.

FED. R. EVID. 902 advisory committee's note to 2017 amendment. The ease in which digital information can be authenticated relative to non-electronic evidence makes live witness testimony unnecessary for authentication purposes. *Id*. With digital information, the qualified person certifying the authentication method

6

illustrates how the software follows Rule 902, rather than interpreting the software's results themselves like a live witness would. *See Melendez-Diaz v. Mass.*, 557 U.S. 305, 322–23, 129 S. Ct. 2527, 174 L.Ed.2d 314 (2009). Defendant's doubts about the authentication process can also be addressed by other evidentiary rules, like presenting counter-expert witness testimony that challenges the qualified person's certification. FED. R. EVID. 702.

The Sixth Circuit Court of Appeals decision in *United States v. Dunnican* illustrates the application of Rule 902(14) in practice. 961 F.3d 859, 872 (6th Cir. 2020). The *Dunnican* court affirmed the district court's decision to admit text message evidence extracted from the defendant's phone. *Id*. The prosecutor in *Dunnican* filed a notice of intent to use a certification method signed by a government agent who performed the digital extraction consistent with Rule 902(14). *Id*. After the agent explained how he extracted the defendant's text message data from his cellular phone in his certification, the district court determined the evidence was properly self-authenticated. *Id*.

The present circumstances are nearly indistinguishable from *Dunnican*. Here, the Government followed Rule 902(14) procedures to authenticate the text message data. ECF No. 39, PageID.214. Specifically, the Government filed notice of its intent to certify records from confiscated phones on August 13, 2021. The notice advised that the records were extracted by federal law enforcement officials

with extensive experience extracting data from electronic devices. *Id*. The agents who certified the authentication method did not interpret the software's reports, but rather demonstrated how the software satisfies Rule 902's requirements. *Id*.

Additionally, the software used here—Cellebrite—has been tried and tested by Government attorneys in federal courts across the country. *E.g.*, *Christian v. United States*, No.19-1058, 2020 U.S. Dist. LEXIS 104646, *5–*6 (E.D. Va. June 15, 2020) (using Cellebrite to extract text message conversations from the defendants' phone); *United States v. Palms*, 423 F.Supp.3d 1254, 1264 (N.D. Okla. 2019) (same); *United States v. Gatto*, 313 F.Supp.3d 551, 557 (S.D.N.Y. 2018) (same).

In this case, the Government's self-authentication process for the extracted text messages is identical to the authentication process upheld in *Dunnican*. 961 F.3d at 872. As such, Defendant cannot seek to exclude the text messages on authenticity grounds.

### 2. Admissibility

Defendant also argues that the text message evidence is inadmissible without MV-1's testimony. Defendant asserts her testimony is necessary to lay a foundation for the evidence's admission. ECF No. 41, PageID.231. However, the Government indicates it possesses alternative means to lay the proper foundation,

ECF No. 43, PageID.244–245, such as using "the physical location of the cell phones when they were recovered" and the "contents of the cell phones themselves…" *Id*. The Government acknowledges that it must lay a foundation to admit the text message evidence. *Id*. Relatedly, while Defendant has not established at this juncture the evidence is clearly inadmissible, that does not mean he cannot challenge the evidence's admissibility at trial. Evidence excluded at the pretrial stage must be clearly inadmissible. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846. The text message evidence is not clearly inadmissible; thus, Defendant is not entitled to the relief he seeks.

### B. The Government's Motion *in Limine* to Exclude Defendant's Exculpatory Hearsay

Next, the Government moves to exclude Defendant's prior exculpatory statements provided to officers. The Government maintains the statements are inadmissible hearsay under Rule 801. The Government further asserts the statements should not be admissible under Rule 106's Rule of Completeness.[1] ECF No. 37, PageID.202.

---

[1] Defendant does not respond to the Government's Rule 106 argument, nor need he. ECF No. 40. The rule only applies to written records and statements, making it inapplicable to Defendant's prior oral statements. FED. R. EVID. 106. ("[T]he rule is limited to writings and recorded statements and does not apply to conversations.").

Here, the Government seeks to introduce Defendant's *inculpatory* statements made to the same officers but seeks to exclude Defendant's *exculpatory* statements made during the same interrogation. *Id*. at PageID.202–203. In response, Defendant asserts he will not introduce his prior statements for the truth of the matter asserted, but rather for their effect on the officers who heard them. ECF No. 40, PageID.226. Upon review of the applicable authority, the parties' briefs and considering their oral arguments, the Court will grant the Government's Motion *in Limine* to Exclude Exculpatory Hearsay for the reasons outlined below.

Admissions made by a party opponent are an exception to the hearsay rule. FED. R. EVID. 801(d)(2). Admissions by party opponents can include statements made by the opposing party in their individual capacity. *Id*. The rationale behind this exception is that "the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial." *United States v. McDaniel*, 399 F.3d 540, 545 (6th Cir. 2005). Because the party-declarant can rebut an admission by testifying themselves, courts limit the rule to inculpatory statements rather than exculpatory statements that the party can testify to personally. *See United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2006) ("This hearsay exception does not, however, 'extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.'") (quoting *United States v. Payne*, 437 F.3d 540, 547–48 (6th Cir. 2006) (italics in original).

10

The Government's requested relief is supported by well-established law. *Id*. Defendant cannot introduce his own exculpatory statements through the interviewing officers' testimony at trial because he can testify to them personally. ECF No. 37, PageID.202–203. While the Court recognizes Defendant's legitimate Fifth Amendment concerns, circuit precedent on the matter appears to foreclose his ability to introduce these statements. *See McDaniel*, 399 F.3d at 545–46. Accordingly, the Court will grant the Government's Motion *in Limine* to exclude Defendant's exculpatory statements.[2]

### C. The Government's Motion *in Limine* to Exclude Evidence of MV-1's Sexual History

The Government next moves to exclude evidence concerning MV-1's sexual history and identity. ECF No. 35, PageID.188. The Motion is unopposed. Rule 412 prohibits admission of evidence offered to prove that someone engaged in sexual behavior with a non-party or to prove someone's sexual disposition. FED. R. EVID. 412(a). Additionally, MV-1's sexual history is a non-issue in this case. *See* 18 U.S.C. § 1591; *see also United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) (finding a minor victim's willingness to engage in sexual activity was irrelevant to the defendant's sex trafficking charge).

---

[2] As noted by the Court during the September 24, 2021 oral argument, the Court will provide Defendant with an opportunity to submit additional authority supporting his position. Depending on the authority provided, the Court may reconsider this preliminary ruling.

This Court addressed an identical motion at length in *United States v. Gardner* and granted the Government's request to prohibit the victim's full name, place of residence, and sexual history from being admitted into evidence at trial. No. 16-cr-20135, 2016 U.S. Dist. LEXIS 132882, at *4, *7 (E.D. Mich. Sept. 28, 2016). Accordingly, the Government's Motion *in Limine* to Protect Victim Identity is granted.

### D. The Government's Motion *in Limine* to Exclude Evidence Concerning Consequences of Conviction and References to Jury Nullification

The Government moves to prohibit evidence and argument referencing the consequences should Defendant be found guilty of the crime charged. ECF No. 38, PageID.208. Defendant does not challenge the motion likely because the law is well settled in this regard. *See Gardner*, 2016 U.S. Dist. LEXIS 132882, at *16 (prohibiting evidence or argument related to punishment or collateral consequences of a child sex trafficking conviction); *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury.").

Finally, the Government moves to exclude evidence or argument related to jury nullification. ECF No. 38. Proffered examples include any references to Michigan's age of consent laws, evidence about Defendant's character, life

experience, or Defendant's possible ignorance of the law. ECF No. 38, PageID.209. Here again, Defendant does not challenge the Government's Motion likely because it is undisputed the Government is entitled to its requested relief. *Gardner*, 2016 U.S. Dist. LEXIS 132882, at *16–*18; *United States v. Avery*, 717 F.2d 1020, 1027 (6th Cir. 1983) ("Although jurors may indeed have the power to ignore the law, their duty is to apply the law as interpreted by the court and they should be so instructed.").

Accordingly, the Court grants the Government's Motion *in Limine* to Exclude References to Consequences of Conviction and to Exclude Evidence and Argument Relating to Jury Nullification.

## V. Conclusion

For the reasons articulated above, the Government's Motion *in Limine* to Exclude Evidence Pursuant to Federal Rule of Evidence 412 to Protect Victim Identity [#35] is GRANTED.

The Government's Motion *in Limine* to Preclude Defendant from Introducing Exculpatory Hearsay [#37] is GRANTED. As noted by the Court during the September 24, 2021 hearing, the Court will provide Defendant with an opportunity to submit additional authority related to this evidentiary ruling, and depending on the authority provided, the Court may reconsider this preliminary ruling.

The Government's Motion *in Limine* to Preclude Evidence and Argument Relating to Consequences of Conviction or Jury Nullification [#38] is GRANTED.

The Defendant's Motion *in Limine* to Preclude Admission of Text Evidence and Witness Statements Without Witness Testimony [#41] is DENIED.

**IT IS SO ORDERED.**

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

Dated: September 27, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager